UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v                                                    Case No. 20-20121
                                                  Honorable Thomas L. Ludington

ALFREDO MARTIN UNZUETA,

        Defendant.
_____/

**ORDER REJECTING REPORT AND RECOMMENDATION**

On February 14, 2020, a criminal complaint was issued against Defendant Alfredo Martin Unzueta for Domestic Assault by an Habitual Offender "within Indian country" in violation of 18 U.S.C. § 117. ECF No. 1. The affidavit in support of the complaint provided that the victim

> told police that she is Indian. The police verified that she has been in the Saginaw Chippewa Tribal Court and are aware that Tribal Court cannot charge someone with a crime there unless that person is Indian. Unzueta is non-Indian.

ECF No. 1 at PageID.3.

**I.**

On March 3, 2020, the Court received a letter from the victim informing the Court that she was "not a tribal member or descendant of any federally recognized tribe." ECF No. 13 at PageID.27. Attached was a letter from the Tribal Enrollment Office of the Saginaw Chippewa Indian Tribe which provided:

> Per your request, I am writing to confirm that you are not a Member of the Saginaw Chippewa Indian Tribe or a descendant. Unfortunately, you do not meet the requirements for membership in the Saginaw Chippewa Indian Tribe of Michigan. The requirements are that you must be:
>
> > (1) Born to a member of this Tribe. (Your mother and/or father must be a current member of the Tribe.)

> (2) You must possess ¼ degree Indian Blood from a Federally Recognized Tribe.

*Id.* at PageID.29.

Two weeks later, Judge Morris issued a report and recommendation. ECF No. 18. Because neither Defendant nor the victim were allegedly Indian, she recommended that the Court hold an evidentiary hearing to determine whether federal jurisdiction existed. After analyzing the Major Crimes Act, the Indian Country Crimes Act, federal enclave jurisdiction, and the Assimilative Crimes Act, she concluded that "the status of the victim matters and that this Court's jurisdiction depends on it." *Id.* at PageID.58.

Although Judge Morris's report explicitly states that the parties could object to and seek review of the recommendation within fourteen days of service of the report, neither party filed objections.

**II.**

Defendant has been charged under 18 U.S.C. § 117, Domestic Assault by an Habitual Offender, which provides:

> (a) In general.--Any person who commits a domestic assault within the special maritime and territorial jurisdiction of the United States or *Indian country* and who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction--
>
> > (1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault; or
> >
> > (2) an offense under chapter 110A,
>
> shall be fined under this title, imprisoned for a term of not more than 5 years, or both, except that if substantial bodily injury results from violation under this section, the offender shall be imprisoned for a term of not more than 10 years.

18 U.S.C. § 117 (emphasis added).

The Court directed the Government to respond to the Report and Recommendation and explain why federal jurisdiction exists under 18 U.S.C. § 117. The Government's response provides:

> Because section 117 expressly applies to assaults in Indian country, section 1152 (The General Crimes Act) and section 1153 (The Major Crimes Act) are unnecessary to establish federal jurisdiction. In other words, section 117 is applicable even if the defendant and victim are both non-Indian as long as the elements of the crime are met.

ECF No. 24 at PageID.81.

A plain reading of the statute supports the Government's contention. 18 U.S.C. § 117 applies to "[a]ny person who commits a domestic assault within…Indian country" who has two prior convictions of assault. The statute does not require that either the perpetrator or victim be Indian. Accordingly, it is irrelevant whether the victim in this case is or is not an Indian. Jurisdiction under § 117 is derived from the location where the alleged offense occurred, specifically Indian country. At this point in the case, jurisdiction exists because the offense is alleged to have occurred within Indian Country.

Defendant disagrees, arguing that federal jurisdiction only exists if either the actor or the victim are Indian. He cites to a case decided by the District Court of North Dakota in which the defendant challenged the constitutionality of 18 U.S.C. § 2261A, Stalking. *United States v. Rettinger*, 2006 WL 3463424 (D.N.D. Nov. 28, 2006). Section 2261A criminalizes stalking by an individual who "travels in interstate or foreign commerce or is present within the special maritime and territorial jurisdiction of the United States, or *enters or leaves Indian country*." 18 U.S.C. § 2261A (emphasis added). The court found that the statute was not overbroad, nor did it violate the sovereignty of the North Dakota under the 10th Amendment. In dicta, the court stated, "If the conduct was wholly within Indian country, and the actor did not 'travel in interstate or foreign

commerce…or enter or leave Indian country,' the United States would not have jurisdiction under the statute because the jurisdictional element would be lacking." *United States v. Rettinger*, 2006 WL 3463424, at *3 (D.N.D. Nov. 28, 2006).

*Rettinger* does not support Defendant's argument however because §117 relies on an entirely different jurisdictional element than does § 2261A. Section 2261A requires that the actor "enter or leave Indian country." In contrast, § 117 only requires that the incident occur "within…Indian country." Because the indictment alleges that the incident occurred within Indian country, jurisdiction exists at this juncture.

### III.

Accordingly, it is **ORDERED** that the Report and Recommendation, ECF No. 18, is **REJECTED**.

Dated: May 26, 2020      s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge